NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLENE BYNUM, individually as the wife of and as the Guardian of the Person and Estate of Ronald Bynum,<br><br>       Plaintiff-Appellant,<br><br> v.<br><br>CORRECT CARE SOLUTIONS, LLC; et al.,<br><br>       Defendants-Appellees, | No.   21-16254<br><br>D.C. No.<br>2:17-cv-02102-APG-VCF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted November 10, 2022
Pasadena, California

Before:  MURGUIA, Chief Judge, and PARKER[**] and LEE, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Plaintiff-Appellant Charlene Bynum appeals from a judgment of the United States District Court for the District of Nevada (Gordon, J.). Bynum, individually and as the Guardian of her husband Ronald Bynum's estate, sued Defendant-Appellees Correct Care Solutions ("CCS") and its employees (collectively, "CCS Defendants"), contending that her husband was denied appropriate medical care while in pretrial detention in the City of Las Vegas Detention Center. She alleges that, as a result of this inadequate treatment, her husband suffered catastrophic injuries and remains in a coma and on life support in a long-term care facility. She principally pleaded § 1983 claims of denial of medical care under the Fourteenth Amendment's Due Process Clause and failure to provide medical care under section 41A.071 of the Nevada Revised Statutes.

The CCS Defendants moved for summary judgment, contending that Ronald Bynum did not have a serious medical need and there is no evidence that any individual CCS nurse made an intentional decision about Ronald Bynum that created or increased his risk of substantial harm. The CCS Defendants proffered their own expert reports and argued that the Appellant's expert report was inadmissible because it failed to comply with Federal Rule of Evidence 702. Finally, they argued that the state-law claim for denial of medical care was deficient because the Appellant failed to attach an expert affidavit to the complaint, as required by section 41A.071 of the Nevada Revised Statutes.

2

The district court excluded the Appellant's expert report and granted the CCS Defendants' motion for summary judgment, reasoning that the Appellant had failed to adduce admissible evidence sufficient to create issues of material fact as to whether Ronald Bynum's injuries were proximately caused by acts or omissions of the CCS Defendants. The district court also concluded that, because the Appellant had failed to attach the required expert affidavit to the complaint, the state-law negligence claim must be dismissed. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

This court reviews de novo a district court's grant of a motion for summary judgment. *Pac. Coast Fed'n of Fishermen's Ass'ns v. Glaser*, 945 F.3d 1076, 1082 (9th Cir. 2019). "We review evidentiary rulings for abuse of discretion and reverse if the exercise of discretion is both erroneous and prejudicial." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014).

1. The district court did not abuse its discretion in excluding the Appellant's expert report. The court correctly analyzed the report under the factors set forth in Federal Rule of Evidence 702. The court concluded that the expert report was based largely on the doctor's "own say so" and that the doctor repeatedly opined without providing a sufficient basis for his opinions and conclusions as required by Federal Rule of Evidence 702. The Appellant failed to demonstrate to us that these conclusions involved errors of law or an abuse of discretion.

3

2. The district court was correct to dismiss Appellant's state-law negligence claim. Under section 41A.071 of the Nevada Revised Statutes, an action for professional negligence, including medical malpractice, must be dismissed without prejudice if it is filed without a medical expert's affidavit. *Szydel v. Markman,* 117 P.3d 200, 203 (Nev. 2005). It is undisputed in this case that such an affidavit was not filed with the complaint. Under section 41A.100(1), an expert affidavit is not required under any of five statutorily enumerated exceptions. *Id.* at 204. The exception at issue here is the common law doctrine of res ipsa loquitur, codified in section 41A.100(1)(d). Under that exception, an affidavit is not required if the "injury was suffered during the course of treatment to a part of the body not directly involved in the treatment or proximate thereto." Nev. Rev. Stat. § 41A.100(1)(d).

The Appellant contends that the exception applies because the CCS Defendants were not treating Ronald Bynum's heart or any heart-related body part, and yet he went into cardiac arrest with catastrophic consequences. But Nevada law forecloses this contention. The Nevada Supreme Court held in *Estate of Curtis v. South Las Vegas Medical Investors*, 466 P.3d 1263, 1270 (Nev. 2020), that the plaintiff's allegation that nursing home staff failed to sufficiently monitor a patient was a matter of professional negligence subject to Nevada's affidavit requirement. The Court reasoned that the plaintiff's failure to submit an affidavit was not

4

excused by the res ipsa loquitur exception because the patient "suffered no injury 'to a part of the body not directly involved in the treatment'—rather, the treatment itself was injurious." *Id.* at 1270 (quoting Nev. Rev. Stat. § 41A.100(1)(d)).

Appellant argues that *Banks ex rel. Banks v. Sunrise Hospital*, 102 P.3d 52, 59 (Nev. 2004), requires a different conclusion. There, the plaintiff was undergoing rotator cuff surgery when he suffered a serious brain injury. *Id.* at 60. The Nevada Supreme Court reasoned that because the plaintiff underwent surgery for treatment to his shoulder and suffered an injury to his brain, which is not directly or proximately related to the surgery he underwent, the res ipsa loquitur exception applies. Here, Appellant's argument centers around an alleged lack of adequate medical treatment particularly relating to his mental state. Appellant argues that, if Ronald Bynum had been provided with the requisite treatment, he would not have suffered from cardiac arrest. But *Curtis* makes clear that "the doctrine of *res ipsa loquitur* does not excuse compliance with NRS 41A.071" when "the treatment itself was injurious." 466 P.3d at 1270. The district court appropriately did not consider Bynum's argument based on the separate common-knowledge exception to section 41A.071's expert affidavit requirement because Bynum did not develop this argument at the summary judgment stage. *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020). Accordingly, it is waived on appeal. *In re Mercury Interactive Corp. Secs.*

5

*Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

3. The district court also correctly concluded that Appellant's § 1983 due process claims failed. The Due Process Clause of the Fourteenth Amendment guarantees that pretrial detainees "receive constitutionally adequate medical and mental health care." *Conn v. City of Reno*, 572 F.3d 1047, 1054 (9th Cir. 2009), *amended and superseded on denial of reh'g en banc*, 591 F.3d 1081 (9th Cir. 2010), *vacated*, 563 U.S. 915, *and opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011). Claims for violations of the right to adequate medical care are evaluated under an "objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To prevail under that standard, a plaintiff must show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* "With respect to the third element, the defendant's conduct must be objectively unreasonable . . . ." *Id.* (quoting *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). The plaintiff must prove more than negligence and instead something akin to reckless disregard. *Id.* In addition, a plaintiff must show that each defendant personally participated in the conduct alleged to have violated due

6

process.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

The district court correctly concluded that Appellant failed to establish deliberate indifference because she failed to make particularized allegations as to each of the individual defendants.  Appellant failed to address each nurse named in the complaint, and for the nurses that she did address, she failed to adduce evidence to support her contention that any one nurse was deliberately indifferent.

It is uncontested that prior to being taken into custody no one, not even Mr. or Mrs. Bynum, knew that Ronald Bynum had any serious underlying medical or psychiatric conditions and that Ronald Bynum was observed to have normal signs the morning on the day that he went into cardiac arrest.  Appellant has adduced no evidence sufficient to create a triable issue of fact as to whether any individual nurse was aware of any medical problems leading to Ronald Bynum's cardiac arrest and no evidence to create a triable issue as to whether any nurse was deliberately indifferent to Ronald Bynum's medical needs.

Finally, Appellant's argument that the district court erred in granting summary judgment on her claim against CCS itself fails because she has not presented any evidence to support the conclusion that CCS had a policy of delaying medical care to mentally ill or aggressive patients.

We have considered Appellant's remaining arguments and find them without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

**AFFIRMED**.